74 F.3d 1241
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sylvester Uche ADIGWU, Defendant-Appellant.
 No. 95-5110.
 United States Court of Appeals, Sixth Circuit.
 Jan. 10, 1996.
 
 Before: MERRITT, Chief Judge; GUY and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Sylvester Adigwu, was charged in a two-count indictment with possession of heroin with intent to distribute and importing heroin into the United States. On October 24, 1994, Adigwu entered a plea of nolo contendere to the possession of heroin count. He was subsequently sentenced to the mandatory minimum term of 60 months.
 
 
 2
 On appeal, Adigwu now argues for the first time that he should not have received the mandatory minimum sentence but, rather, should have been sentenced under the "safety valve" provision of the guidelines, which became effective September 23, 1994. Defendant also argues that if the mandatory minimum need not be applied, then he should receive a two-point downward departure for playing a minor role in the offense.
 
 
 3
 Upon review, we conclude that the defendant has waived his claims of error regarding his sentence by failing to raise them before the district court.
 
 I.
 
 4
 A routine customs search at the Greater Cincinnati International Airport revealed 72 pellets of heroin in defendant's garment bag. Defendant had just deplaned from a flight originating in Frankfurt, Germany. Prior to the search, defendant had admitted ownership of the luggage, and also indicated he was travelling alone and had packed his own luggage. The heroin was found in a different pair of rolled up socks and also wrapped inside one of defendant's shirts. In defendant's briefcase, the customs agents found a wallet containing several pieces of fictitious identification. Defendant's overseas trip was financed by a convicted heroin dealer, who also was picking up defendant at the airport.
 
 
 5
 After being arrested and indicted, Adigwu attempted to plead guilty on September 29, 1994. The trial judge rejected the plea when Adigwu claimed he did not know the heroin was in his luggage. Subsequently, he did enter a nolo plea, and the government attorney supplied the court with a sufficient factual basis for the plea.
 
 
 6
 A presentence report was prepared and defendant filed five objections to the report. All of the objections related to alleged factual inaccuracies in the report. Most of the changes requested by the defendant were made, with the result that the probation officer recommended a three-point reduction for acceptance of responsibility, a recommendation not originally made.[1]
 
 
 7
 At sentencing, defendant did not further discuss the presentence report or his objections, but merely requested that he be sentenced at the low end of the guideline range. Although the plea agreement had alluded to the right of the government to move for a downward departure based upon cooperation, no such motion was made.
 
 II.
 
 8
 As is clear from the foregoing, at sentencing defendant did not reference the "safety valve" provision of the guidelines nor claim entitlement to a sentence reduction as a result of playing only a minor role in the offense. When a defendant is given the opportunity to make objections in the district court and fails to do so, objections to the sentence are considered waived on appeal and will not be heard by this court unless a refusal to do so would result in manifest injustice. United States v. French, 974 F.2d 687, 697 (6th Cir.1992), cert. denied, 113 S.Ct. 1012 (1993). Since we conclude that defendant would have been unsuccessful if he had raised these objections in the district court, there is clearly no manifest injustice.
 
 
 9
 On September 13, 1994, 18 U.S.C. Sec. 3553(f) became effective and created a "safety valve," allowing a departure from mandatory minimum sentences under certain very limited circumstances. The safety valve feature was added to the sentencing guidelines as U.S.S.G. Sec. 5C1.2. U.S.S.G. Sec. 5C1.2 states in pertinent part that:
 
 
 10
 In the case of an offense under 21 U.S.C. Sec. 841 ... the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. Sec. 3553(f)(1)-(5) set forth verbatim below:
 
 
 11
 (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
 
 
 12
 (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
 
 
 13
 (3) the offense did not result in death or serious bodily injury to any person;
 
 
 14
 (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. Sec. 848; and
 
 
 15
 (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.
 
 
 16
 Since defendant did not raise this issue in the district court, the record is not as complete as it might be. It is clear enough, however, to enable us to determine that the defendant cannot satisfy the "truthful cooperation" prong of the five-part safety valve test. At sentencing, the government did not move for a downward departure based on cooperation, and defendant made no objection to the failure to do so, even though the subject of such a departure was raised by the district judge.
 
 
 17
 Furthermore, the defendant's initial attempt to plead guilty was rejected because he refused to admit to any culpable role in the offense. By finally offering a nolo plea, he continued to refuse to acknowledge his role, and, under such circumstances, the kind of truthful assistance to the government necessary to trigger the safety valve provision was not forthcoming.
 
 
 18
 Similarly, under the government's version of the facts, which is the only version in the record, defendant would not qualify for the "minor role" adjustment. Even if defendant's participation were viewed as that of a simple courier, we have earlier concluded that in important cases "couriers play a role that is central to the offense." United States v. Walker, 1 F.3d 423, 427 (6th Cir.1993). It also would appear that Adigwu was more than just a simple courier. He travelled from the United States to Nigeria, where he met with persons to discuss heroin importation. He then travelled to Frankfurt, Germany, and ultimately back to the United States. He also has family and friends previously implicated in heroin trafficking. No minor role reduction would have been justified, even if requested.
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 It is doubtful that the probation officer really believed Adigwu merited a three-point reduction for acceptance of responsibility, but since the five-year statutory minimum and not the guideline range would control defendant's sentence, it made no practical difference to award the three points